# UNITED STATES *v.* THE LATE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 887. Submitted October 27, 1893. — Decided November 6, 1893.

Congress having, by joint resolution approved October 25, 1893, declared the uses to which the property of the Mormon Church should be devoted, the court remands this case for further proceedings in the Supreme Court of the Territory in conformity with the provisions of that resolution.

THIS was a motion for a decree. The case is stated in the opinion.

*Mr. Franklin S. Richards* for the motion.

*Mr. Solicitor General* watched the case on behalf of the United States.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

When this case was before the court on the former appeal, 136 U. S. 1, it was adjudged that Congress had the power to repeal the act of incorporation of the Church of Jesus Christ of Latter-day Saints, and that having done so, and the corporation having been dissolved, its property, in the absence of any other legal owner, devolved to the United States, subject to be disposed of according to the principles applicable to property devoted to religious and charitable uses; the real estate, however, being also subject to a certain condition of forfeiture and escheat contained in an act of Congress of July 1, 1862, 12 Stat. 501, and that Congress, as the supreme legislature of the Territory of Utah, had full power and authority to direct the winding up of the affairs of the Church of Jesus Christ of Latter-day Saints as a defunct corporation,

and to order its property to be applied to lawful religious and charitable uses, conformable as near as practicable to those to which it was originally dedicated, which power was distinct from that which might arise from the forfeiture and escheat of the property under the act of 1862.

The decree of the Supreme Court of the Territory of Utah, then under consideration, was in the main affirmed, with a modification in the seventh clause thereof, the decree of this court in the premises being as follows:

"The decree entered in this case on the 19th day of May, 1890, having been set aside by an order of the court made on the 23d day of May, 1890, it is now upon further consideration ordered, adjudged, and decreed, that the decree of the Supreme Court of the Territory of Utah be affirmed with the following modification, that is to say, that the seventh clause of said decree be changed and modified so as to read as follows:

"[7th. And the court does further adjudge and decree that the late corporation of the Church of Jesus Christ of Latter-day Saints having become by law dissolved as aforesaid, there did not exist at its dissolution, and do not now exist, any trusts or purposes within the objects and purposes for which said personal property was originally acquired, as hereinbefore set out, whether said acquisition was by purchase or donation, to or for which said personalty or any part thereof could be used, or to which it could be dedicated, that were and are not, in whole or in part, opposed to public policy, good morals, and contrary to the laws of the United States; and, furthermore, that there do not exist any natural persons or any body, association, or corporation who are legally entitled to any portion of said personalty as successors in interest to said Church of Jesus Christ of Latter-day Saints, and the said personal property has devolved to the United States; and not being lawfully applicable to the purposes for which it was originally dedicated or acquired, and to which, at the commencement of this suit, it was being devoted by the said corporation and its controlling authorities, the same ought to be limited and appointed to such charitable uses, lawful in their character, as may most nearly correspond to those to which it was origi-

nally destined, to be ascertained and defined (unless in the meantime Congress should otherwise order) by reference to a master for due examination, inquiry, and report thereon, subject to the approval of the court; and to be established, administered, and carried out in such manner and according to such scheme as may be suggested and reported by said master and approved by the court. It is further ordered and decreed that until the ascertainment and determination of such uses and the adoption of such scheme, and until direction be taken for the ultimate funding or investment of the said personal property for the purposes aforesaid, the receiver appointed in this cause do continue in the custody and charge thereof, with all accumulations, subject to the further order of the court, and (conjointly with the rents and income of the real estate) to the payment of the costs and expenses of this proceeding and of the receivership aforesaid. The reference herein provided for to be made by a separate order.]

"Whereupon it is considered, adjudged, and decreed that the cause be remanded to the Supreme Court of the Territory of Utah, with directions to modify its decree as herein directed, and to take such further proceedings as to law and justice may appertain in conformity with the opinion of this court delivered on this appeal at the last term of the court." 140 U. S. 665.

The mandate of this court having gone down, further proceedings were had in the Supreme Court of the Territory of Utah, which resulted in the entry of the following order or decree by that court on November 12, 1892, to wit:

"This cause having come on to be heard before this court at a former day of this term upon exceptions to the master's report filed herein on the 19th day of October, 1891, and the same having been argued by counsel for the respective parties and submitted to the court, and the court being now fully advised in the premises, it is hereby ordered, adjudged, and decreed that the scheme for the disposition of the fund in controversy, reported and suggested to this court for adoption by the master in his said report, be, and the same is, disapproved and rejected.

· " And it is further ordered, adjudged, and decreed that said fund, and the whole thereof, be, and the same is hereby, vested in Leonard G. Hardy, in trust, to be by him invested to the best advantage, having in view the security of the fund as well as the income to be derived from the investment.

" And to collect and receive the proceeds of all such investments and to apply such proceeds, or such portion thereof, and so much of the principal from time to time as may be necessary for that purpose, to the support and aid of the poor members of the Church of Jesus Christ of Latter-day Saints, and to the building and repairing of houses of worship for the members of said church.

" And it is further ordered, adjudged, and decreed that the said Leonard G. Hardy be required to give a bond to the government of the United States in the sum of five hundred thousand ($500,000) dollars, to be approved by this court, or the chief justice thereof, and to be conditioned for the faithful performance of his duties as such trustee.

" And it is further ordered, adjudged, and decreed that the said Leonard G. Hardy, as such trustee, be, and he is hereby, required to make a report to this court on the first day of January of each year of his administration of said trust."

From this decree an appeal was taken by the United States to this court. The appellee now moves that the decree of the court below be reversed, and a decree entered here, in effectuation of the terms of a joint resolution of Congress approved October 25, 1893; and that the cause be remanded to the court below with instructions to take such further proceedings as may be necessary to carry into effect such decree of this court. Due notice having been given, the United States, without opposing or consenting to the motion, submitted the matter to the court, stating that the government did not appear to have any further interest in the cause, the subject-matter involved having been disposed of by the joint resolution of Congress, but suggesting that the case should be remanded to the Supreme Court of the Territory of Utah for such decree there as might be proper to be made therein.

By the resolution of Congress referred to it was: " *Resolved*

*by the Senate and House of Representatives of the United States of America in Congress assembled,* That the said personal property and money now in the hands of such receiver not arising from the sale or rents of real estate since March third, eighteen hundred and eighty-seven be, and the same is hereby, restored to the said Church of Jesus Christ of Latter-day Saints, to be applied under the direction and control of the first presidency of said church to the charitable uses and purposes thereof: That is to say: For the payment of the debts for which said church is legally or equitably liable, for the relief of the poor and distressed members of said church, for the education of the children of such members, and for the building and repair of houses of worship for the use of said church, but in which the rightfulness of the practice of polygamy shall not be inculcated. And the said receiver, after deducting the expenses of his receivership, under the direction of the said Supreme Court of the Territory of Utah, is hereby required to deliver the said property and money to the persons now constituting the presidency of said church, or to such person or persons as they may designate to be held and applied generally to the charitable uses and purposes of said church as aforesaid."

It will be perceived that judicial action is not sought to be controlled by the resolution, but that this court having indicated the mode to be pursued to ascertain and define the particular charitable uses, lawful in their character, to which the property should be devoted, in the absence of legislation upon the subject, and this appeal from the decree of the court below to that end having been taken, Congress has now declared such uses. This disposition of the property by the United States renders any further consideration of the case here unnecessary, and the decree below is

*Reversed and the cause remanded to the Supreme Court of Utah Territory for such further proceedings as to law and justice may appertain, in conformity with the provisions of the aforesaid resolution of Congress.*